Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WENDY R. DAVIS a.k.a. WENDY DAVIS, a single person; <br><br> Defendants. | NO. C05-5070 RJB <br><br> DEFAULT JUDGMENT AND DECREE OF FORECLOSURE |

This matter having come on upon the United States' Motion for Default Judgment and Decree of Foreclosure, default having been entered against defendant Wendy R. Davis, a.k.a. Wendy Davis, in accordance with Rule 55, Federal Rules of Civil Procedure, and this Court having reviewed the files and records herein, and being fully advised;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the United States have and recover judgment in its favor against Defendant Wendy R. Davis, a.k.a. Wendy Davis, in the sum of One Hundred Thirty-three Thousand, Two Hundred Eight-five Dollars and Eighty-five Cents ($133,285.85) (Balance due on Account No. 1560085 is $78,029.14 [$53,188.26 principal and $12,695.26 interest accrued through January 24, 2005, plus interest accrued on the principal balance of $53,188.26 at the daily rate of $9.1076 from and after January 24, 2005, to date of judgment, plus $8,184.30 administrative fees and $3,960.71 subsidy subject to recapture, plus interest accrued on any recoverable costs at the daily rate of $1.2682] plus the balance due on Account No. 12292494 is $55,256.71 [$44,418.34

DEFAULT JUDGMENT AND
DECREE OF FORECLOSURE  - 1

(C 05-5070 RJB)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

principal and $10,838.37 interest accrued through January 24, 2005, plus interest accrued on the principal balance of $44,418.34 at the daily rate of $7.6059 from and after January 24, 2005, to the date of judgment]).

  2. Interest on this judgment will accrue at the legal rate pursuant to 28 U.S.C. § 1961, from the date of entry of the judgment until fully paid.

  3. That the United States have and recover costs to date in the sum of Ninety-Six Dollars and Five Cents ($96.05), together with all costs and expenses of any matters in connection with the administration, supervision, preservation, protection of, or the realization upon the collateral, whether such costs are incurred in or out of Court.

  4. That the United States have and recover filing fees allowed pursuant to 28 U.S.C. § 2412(a), in the amount of Two Hundred Fifty Dollars ($250.00).

  5. That the United States have and recover docket fees allowed pursuant to 28 U.S.C. § 1923, in the amount of Twenty Dollars ($20.00).

  6. That the Deeds of Trust attached to the Complaint as Exhibits C and H, are hereby foreclosed and the property is hereby ordered to be sold pursuant to the provision of 28 U.S.C. § 2001, *et seq.*, with the proceeds of the sale applied first to the costs and expenses of making the sale and secondly, to the payment of the sums due to the United States on its cause of action, and any excess of the proceeds shall be distributed to the Defendant as her interest may appear.

  7. That the subsidy, as provided by the Subsidy Repayment Agreements at Exhibits D and I of the Complaint and 42 U.S.C. § 1490a (a)(1)(D)(i), are subject to recapture as a result of the disposition or nonoccupancy of the property by the borrower and as such, the subsidy is payable from the proceeds of the sale of the foreclosed property, herein.  The Deeds of Trust at Exhibits C and H of the Complaint secure the repayment of such subsidy.

  8. That the United States' recovery shall be limited to the proceeds of the sale of the real property subject to the foreclosed Deeds of Trust and Interest Subsidy Repayment Agreement.

DEFAULT JUDGMENT AND
DECREE OF FORECLOSURE  - 2

(C 05-5070 RJB)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

9. That the Defendant, be and is hereby barred and foreclosed from asserting any right, title or interest in and to the property, except to the extent that such Defendant has rights of redemption under R.C.W. § 6.23.

10. That the United States or any party to the suit may become a purchaser at the sale and the United States Marshall shall execute a Marshal's Certificate of Purchase to the real property in favor of the purchaser and the purchaser will be let into possession of the premises upon production of the Marshal's Certificate of Purchase. In the event the United States or its agency, the Rural Housing Service, is a successful bidder on the property, it shall have the right to apply its judgment credits in lieu of cash thereon and the United States Marshal is authorized to accept such an arrangement. If the successful bidder is other than the government, ten percent of the bid price must be paid at the time of the sale and the balance within thirty days.

11. That the sale be conducted in accordance with the law and practice of this Court.

12. Right of redemption shall be one year from the date of sale.

DATED this 8th day of April, 2005.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge

PRESENTED BY:

*s/Anastasia D. Bartlett*
Anastasia D. Bartlett, WSBA # 7142
Assistant United States Attorney
Office of the United States Attorney
 for the Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: (206) 553-7970
Fax: (206) 553-4073
Anastasia.Bartlett@usdoj.gov

DEFAULT JUDGMENT AND
DECREE OF FORECLOSURE  - 3

(C 05-5070 RJB)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970